Spear, J.
From the statement it will appear that the question in the case is: Can one who has been a stockholder in an insolvent corporation, but has disposed of his stock in good faith prior to such insolvency and prior to the commencement of an action to enforce the statutory liability, be held liable' for debts incurred by the corporation while he was such owner before the full one hundred per cent, liability of the existing solvent stockholders, within the jurisdiction, has been exhausted, for the reason only that the assignee of such original stockholder has become insolvent5
The precise question upon identical facts has not been determined in any reported case in this state so far as we are advised. Its determination is of less consequence now than it might otherwise have been because of the recent amendment to the constitution abrogating the double liability of stockholders of corporations, but it has been deemed best to report this case since there may be situations in the affairs of other corporations identical with the circumstances of this contention, and since this court has reached a conclusion upon the law of the case contrary to that of the courts below. We understand the law to be well settled by decisions of this court, notwithstanding the fact, as before stated, that the precise question has not before been presented.
*505 From Wright v. McCormack, 17 Ohio St., 86, Umsted v. Buskirk, same volume, 113, Brown v. Hitchcock, 36 Ohio St., 667, Harpold v. Stobart, 46 Ohio St., 397, Barrick v. Gifford, 47 Ohio St., 180, Peter v. Union Mfg. Co., 56 Ohio St., 181, and Wick National Bank v. Union National Bank, 62 Ohio St., 446, we gather the following propositions as established:
The double liability imposed by the statute is not a primary resource for the debts of the corporation, but is imposed for the exclusive benefit of creditors, and is to be resorted to by creditors only in case of the insolvency of the corporation. A suit to enforce such liability is for the benefit of all the creditors, and no creditor can acquire a priority, or maintain a separate suit if there are other creditors. The liability is several in its nature, but the right arising out of that liability is, as against the stockholders who are such at the beginning of the action, for the common and equal benefit of all.
An owner of stock, in the absence of a by-law to the' contrary, has absolute power of disposition over the same, and may dispose of it by sale or gift at his pleasure. If the sale or gift is made in good faith, and the shares transferred on the books of the corporation to the assignee, the transferrer does not remain an equitable owner therof, or continue' liable for future corporate debts.
The liability of stockholders in favor of a creditor attaches at the time the debt of the corporation is contracted, and is not necessarily discharged by the transfer of the stock, but the assignee of the stock is held to indemnify the assignor on account of such liability. And, in a suit by creditors, *506 the then existing stockholders are severally chargeable with the payment of such liability. If, by reason of insolvency, the amount due from any stockholder who has received his stock by assignment is not collectible, the assignors - of his stock up to the time the liability attached may be charged with the deficiency.
The rule that the owners of stock who are .such at the time of the commencement of the suit to enforce liability are liable for the debts of the corporation is not varied in favor of a particular stockholder by the fact that his stock may have been issued to him by the company after the creation of the debts.
A stockholder who in good faith transfers his stock to one who afterwards becomes insolvent is liable to creditors for such portion only of the corporate debts existing at the time of the transfer and remaining unpaid as will be equal to the proportion which the capital stock assigned bears to the entire capital stock held by solvent stockholders within the jurisdiction liable in respect to the same debts, tó be ascertained at the time judgment is rendered-.
Where a stockholder transfers his stock in good faith to one who afterwards becomes insolvent and is insolvent at the time of the decree, and a sufficient fund cannot be raised by assessment upon solvent existing' stockholders to satisfy all creditors, the stockholder who has thus assigned his stock is liable as hereinbefore stated. But, in such case the fund arising from assessments on solvent existing stockholders will be applied pro rata upon all the debts of the corporation, and the funds arising from an assessment upon a person who had so *507 assigned his stock will be applied to the residue, if any, owing to those who were creditors at the time such stock was assigned.
It must be obvious, from the- foregoing, that the rule that liability to creditors follows the stock and that the owners of stock who are such at the time of the commencement of the creditors’ suit are primarily liable'for the debts of the insolvent corporation, is fully established. This being so, it follows with just as much certainty that such liability must first be exhausted before recourse can he had against a former owner of the stock who has in good faith transferred his stock, and that the liability is to the extent only of the residue remaining unpaid of the corporate debts owing at the time of the assignment of the stock. This conclusion determines the question in this case.
It is, however, contended by learned counsel for defendant in error that their contention in support of the judgment below is sustained by the holding in Umsted v. Buskirk, supra, and attention is directed specially to the following: “As between them [stockholders] and a creditor each stockholder is severally liable to all the creditors; as between themselves each stockholder is bound to pay in proportion to his stock.” Also, that “the right arising out of this liability is intended for the common and equal benefit of all the creditors.” In response to this claim it is enough to say that the court in that case was dealing only with a controversy between a creditor of the corporation and existing stockholders. No question as to the effect of an assignment of stock, nor of the right of any person other than the creditor and the then exist- *508 mg stockholders, was involved, and, by the simplest rules of construction, the language used must be held to apply to the case in hand, and not to an essentially different case.
Our conclusion is. that in the case at bar Poston cannot be held so long as the full liability of the existing stockholders has not been exhausted.
To avoid possible misunderstanding it may be added that this controversy, having arisen before the recent amendment to the constitution of the state, which abolishes the double liability of stockholders, is not affected by that amendment.'
Judgment of the circuit court reversed and cause remanded.

Reversed.

Shauck, C. J., Price, Crew, Summers and Davis, JJ., concur.